Appeal of THE NORTHWESTERN MU-      Docket No. 1012.
      TUAL LIFE INSURANCE
      CO.

An appeal properly filed and pending lapses when the taxpayer pays the amount of a jeopardy assessment subsequently made.

Submitted February 18, 1925; decided March 16, 1925.

*Paul F. Myers, Esq.*, for the taxpayer.

*George K. Bowden, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

STERNHAGEN: The taxpayer on December 10, 1924, duly filed its appeal from a determination of deficiency of which it had been notified in accordance with subdivision (a) of section 274 of the Revenue Act of 1924. Soon thereafter the Commissioner assessed the tax under the provisions of subdivision (d) because he believed

that delay would jeopardize collection, and notice was sent to the taxpayer of such assessment and demand made for the amount. The taxpayer had the right to file a claim for abatement, and if, after consideration, the Commissioner denied the claim, to appeal to the Board from such denial. Section 279. Pending the determination of the claim, interest would accumulate upon the amount finally determined to be the correct deficiency. In order to save this interest the taxpayer paid the amount demanded, protesting so much of the payment as it believed to be excessive. The Commissioner thereupon filed a motion to dismiss the appeal, and argues that since the controversy now involves only the refund of a tax already paid, the Board is without jurisdiction, citing *Appeal of Everett Knitting Works*, 1 B. T. A. 5.

In the *Everett Appeal*, the sole question was whether the Board had jurisdiction to hear and determine the merits of a claim for refund of a tax paid before the passage of the Revenue Act of 1924. We held that such jurisdiction had not been conferred upon the Board. The question now is whether the payment of a jeopardy assessment causes a pending appeal to lapse.

The appeal was originally instituted under section 274, subdivision (a), which gives the taxpayer a right to appeal in respect of the Commissioner's determination of a deficiency. Such deficiency, as appears from section 273, is an outstanding amount due from the taxpayer and yet unpaid. The apparent plan of the statute is that the Board shall adjudicate the taxpayer's liability for unpaid deficiencies asserted by the Commissioner. A new machinery was set up by which a taxpayer who disputes the Commissioner's determination of deficiency could have an opportunity to prove that the determination of the Commissioner was erroneous before being required to pay. If the Board decides that the determination is wholly or partially correct, the taxpayer must pay, and, if he still believes the deficiency to be unjust, he may sue in court *de novo* for its recovery. Thus it is clear that the issue before the Board is whether the tax is due, and the practical question for the taxpayer is whether he must pay, and for the Commissioner whether he may collect. This was the predominant purpose of the statute, to hold in abeyance the collection of the tax until the Board could pass upon its merit after hearing. In view of section 3224 of the Revised Statutes, a taxpayer has heretofore been prevented from withholding payment *pendente lite*, and the Board was created to afford him such an opportunity before a tribunal half way between the Treasury Department on the one hand and the Federal court on the other. The relief which he was denied in court he in effect was given through an appeal to the Board. That this alone is a very real advantage to the taxpayer and hence a complete justification for the Board's creation is evidenced by the large number of appeals in which its power is properly invoked. The restriction of the Board's function to that of an arbiter before payment still leaves it with an ample service to perform.

Believing as we do that in the ordinary case the Board was not intended to pass upon refunds, is there an exception in a case such as this where the appeal was properly pending before payment and the tax was paid only after a jeopardy assessment? We have held, and see no reason to modify our holding, in the *Appeal of*

*California Associated Raisin Co.*, 1 B. T. A. 314, that after the right to appeal vests under section 274, subdivision (a), the Commissioner may not oust the Board of jurisdiction by his independent act of assessment. In other words, one of the parties may not take a step which, adversely to the other party and without his consent, would deprive him of his opportunity to be heard. But this is not such a situation. The taxpayer here has not stood upon his right to an adjudication before payment.) Knowing, as he must be presumed to have known, that the statute entitled him by filing a claim for abatement to an adjudication by the Board before payment, he nevertheless chose, for his own convenience, in order, as he states, to save the possibility of interest, to pay. The Commissioner did not seek to deprive him of his right to appeal nor was he forced involuntarily to make the payment.

(With two courses open to him, one unquestionably preserving his right to appeal and the other inconsistent with the purpose of an appeal, he chose the latter. Should he now be heard to say that notwithstanding this choice he may still pursue his appeal here? We think not.) The original issue before the Board in the appeal on file was whether there was a deficiency due from the taxpayer; and if so, whether it had been correctly determined by the Commissioner. That question has now become moot. There is nothing which the Commissioner now asserts to be due from the taxpayer and no decision which this Board can make will serve the purpose of saving him from paying an unjust or unlawful tax. The Supreme Court has in a number of cases stated that an appeal will be dismissed when the subject matter of the litigation is no longer in controversy, even although the parties did not themselves intend to have their action regarded as a composition of the dispute. *San Mateo County* v. *Southern Pacific R. R. Co.*, 116 U. S. 138; *Little* v. *Bowers*, 134 U. S. 547; *Mills* v. *Green*, 159 U. S. 651.

If he has paid an unlawful tax, he is in the same situation with many other taxpayers whose remedy Congress has left with the courts in an action at law to recover. This judicial function of the courts Congress has left unaffected, and it is not likely that the Board was created to give either of the parties a moot decision for the sake of its *prima facie* effect in subsequent litigation.

The motion of the Commissioner is granted and the appeal dismissed.