Joseph P. Levy, et al., Executors, Estate of Achille Levy, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 20462.   Promulgated November 25, 1929.

*A. George Bouchard, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

338

OPINION.

Van Fossan: Three issues are presented by petitioners in this case. The first is the propriety, for estate-tax purposes, of including in the gross estate of decedent the wife's share of the community property owned by the marital community at the death of decedent. This question is ruled adversely to petitioner on the authority of *Griffith Henshaw, Executor*, 12 B. T. A. 1441; affirmed by the Circuit Court of Appeals, 31 Fed. (2d) 946; certiorari denied, 280 U. S. 43 A.

The second question presented by these petitioners is whether or not a deficiency may be based in part on an erroneous refund previously made, it appearing that of the total deficiency of $86,707.05 determined by respondent the sum of $65,853.55 represents an amount previously refunded. This precise question was involved in the case of *Etta Craig, Executrix*, 18 B. T. A. 86, wherein we held a deficiency so grounded to be validly determined. In *Oilbelt Motor Co.*, 16 B. T. A. 831, we observed, "the Commissioner has power at any time within the period of limitations to revise or change his findings unless a settlement has been made pursuant to section 3229 of the Revised Statutes, and * * * in so doing he may determine a deficiency based on an erroneous refund." There is no evidence of such a statutory settlement. These decisions, to which we adhere, dispose of this issue. See, also, *The Austin Co.*, 8 B. T. A. 628; affd., 35 Fed. (2d) 910.

The third issue, the determination of the fair market value of certain properties, is settled by the stipulation of the parties.

There remains an issue raised by the respondent, when at the hearing he duly moved to increase the deficiency above that found by the Commissioner by the amount of interest paid to petitioners at the time of the erroneous refund. That in a proper case the Board may increase the deficiency in estate taxes found by the Commissioner is not open to question. Section 308 (e) of the Revenue Act of 1926 provides:

The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the executor, and to determine whether any additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or rehearing.

Section 307 of the same Act defines a deficiency in estate taxes as:

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the executor upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax; * * *

The Commissioner contends that the amount of interest falls within the above definition as an amount "otherwise repaid in respect of such tax." With this we do not agree. The word "repaid" presupposes a payment. The payment of the interest by the Commissioner was an original payment and not a repayment. Petitioner had never theretofore paid to Commissioner this amount of $9,288.06 as interest or in any other manner. It could not therefore be "repaid." Similar reasoning is pertinent as to the word "refunded." Clearly, this item is not one that falls within the definition of a statutory deficiency.

There remains for consideration section 308(e), which authorizes the Board to increase a deficiency found by the respondent, "and to determine whether any additional amount or addition to the tax should be assessed," with the consequent question whether this grant of authority is broad enough to admit the addition to the deficiency of the item of interest erroneously paid petitioners in connection with the refund. It is the duty of any tribunal engaged in construing an Act of Congress to endeavor to give meaning to every part of the statute before it. There is also the duty of construing the entire Act in the light of its evident purpose. It seems clear that we may redetermine the deficiency in a greater amount than that found by the Commissioner and may *also* "determine whether any additional amount or addition to the tax should be assessed."

The word "assessed" is here used as it is used elsewhere in the Revenue Act—as relating to taxes. There are many money obligations due to the Government that may not be assessed. Obviously the "additional amount" or "addition to the tax" must bear such a relation to taxes as properly to be assessable. But the sum of interest paid by the Government was not taxes. It was paid by the Government as compensation for the supposed wrongful detention and use of $65,853.55 of petitioners' money for a given period. In petitioners' hands it was the same as any other interest or rent collected by them. It is not an item properly to be catalogued under section 308(e) as an "additional amount or addition to the tax (which) should be assessed."

Reviewed by the Board.

*Decision will be entered under Rule 50.*

TRAMMELL and PHILLIPS concur in the result only.

---

GREEN: I dissent as to the rejection of respondent's request to increase the deficiency by interest erroneously paid petitioner.

---

LOVE, dissenting: I agree with the decision and opinion on all points except that where the holding is made that it is legally correct to include as a part of a deficiency a claim made by the Commissioner for money erroneously refunded to the taxpayer. That claim is not a claim for taxes, but is a claim for money had and received, as was correctly held in *Kelley* v. *United States*, 30 Fed. (2d) 193. This Board has not jurisdiction to adjudicate a claim for money had and received. The refunded money occupies exactly the same status as the interest paid on that refund.