## AUTOMATIC SPRINKLER COMPANY OF AMERICA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60887.   Promulgated November 28, 1932.

*F. O. Graves, Esq.*, for the petitioner.
*Bernard D. Hathcock, Esq.*, for the respondent.

---

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $2,958.88 in petitioner's income tax for 1929. Only one of several items adjusted by the Commissioner is assailed by petitioner. The facts in respect of this item are embodied in a written stipulation, which need not be copied here.

The petitioner, a Delaware corporation, succeeded in 1922 a New York corporation of the same name by acquiring its assets in consideration for certain debentures, shares, cash and the assumption of its liabilities. When in 1927 a deficiency was assessed against the New York corporation of $34,909.41 in tax for 1918 and 1919, together with $9,214.96 interest thereon, the petitioner offered $11,031.09 in compromise of all the New York corporation's liability for 1918 and 1919 for tax, interest and penalties. The offer was accepted and the amount paid.

The petitioner claims that this $11,031.09, was computed at 25 per cent of the total deficiency of tax and interest, that it should be proportionately broken up into separate payments of $8,727.35 tax and $2,303.74 interest, and that the latter amount is deductible by it as interest within the meaning of section 23 (b), Revenue Act of 1928.

None of these propositions is sustained. The petitioner paid a lump sum which was less than the assessed tax, and nothing in the offer or acceptance identifies any part of it. As respondent in the notice of deficiency correctly said: " The fact that $11,031.09 happens to be exactly 25 per cent of both your tax and the amount of interest thereon does not give any portion of the above $11,031.09 the status of interest paid. * * * an offer in compromise is merely an offer in compromise and not interest paid."

But passing that, the amount paid was, as to petitioner, neither taxes nor interest, but part of the consideration for the New York corporation's assets, which was no more deductible than the other parts. *Athol Mfg. Co.*, 22 B. T. A. 105; affd., 54 Fed. (2d) 230; *Sigmund Spitzer*, 23 B. T. A. 776. The statutory deduction for interest is confined to amounts chargeable *qua* interest against the taxpayer, and excludes amounts contractually paid to or for another to discharge the other's interest obligation. *William Ainslie Colston*, 59 Fed. (2d) 867; certiorari denied, 287 U. S. 640; *Caldwell & Co.*, 26 B. T. A. 790.

*Judgment will be entered for the respondent.*