LOUISIANA AND ARKANSAS RAILWAY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59585. Promulgated May 23, 1933.

154

*Ferdinand Tannenbaum, Esq.*, for the petitioner.
*Arthur Clark, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The question presented at the outset is whether the Board has jurisdiction of this proceeding, since it involves no issue as to the deficiency of the transferor or the petitioner's liability therefor, that deficiency having already been definitively determined and paid, but only an issue as to the petitioner's liability for the interest on such deficiency. While the evidence, all of which is stipulated, does not show how the amount of interest was computed, it is nevertheless a fixed amount, and it seems to approximate simple interest at 6 percent for the period of more than eight years between the filing of the return in 1922 and the payment of the redetermined deficiency in 1930.

In considering whether the Board has jurisdiction to consider interest, it is important that the proceeding is by a transferee in respect of its liability as such and not by a primary taxpayer in respect of a deficiency in its own tax; for the jurisdiction of the Board in these different matters is governed by different statutory provisions. As to the Board's function in respect of the original taxpayer and the deficiency, before assessment, it is clear that interest is treated separately from the deficiency, is imposed directly by the statute and is collected by the Commissioner as thus prescribed as a supplement to the deficiency after it is finally determined. The entire scheme of sections 273 and 274, Revenue Act of 1926, supports this view, more especially section 274 (j). While both the deficiency and the interest are collectible as parts of the tax, they are separate from each other and within the operation of different parts of the machinery of administration. Where the proceeding instituted in the Board by the taxpayer in respect of the Commissioner's determination of deficiency involves an amount already erroneously refunded, it has been held that interest upon such erroneous refund is not part of the deficiency and not within the jurisdiction of the Board, *Joseph P. Levy, et. al., Executors*, 18 B.T.A. 337, 341, and also that interest upon an overpayment found in lieu of a deficiency is beyond the Board's jurisdiction, *Capital Building & Loan Assn.*, 23 B.T.A. 848. But those decisions are only remotely significant in the present inquiry.

In the realm of jeopardy assessments dealt with in section 279, the language used in the statute seems to be susceptible of the interpretation that the Commissioner may assess interest with the deficiency and that the entire amount may be litigated before the Board and redetermined. This is important as indicating that even in setting up the jurisdiction of the Board as to the taxpayer himself and his deficiency, there is no clear and unmistakable purpose to exclude interest from its field of inquiry, but rather a purpose to vary the jurisdiction in different classes of cases.

When, therefore, it becomes necessary to consider the scope of the system of jurisprudence as to transferee liability, set up for the first time in the Revenue Act of 1926, section 280 *et seq.*, *Phillips* v. *Commissioner*, 283 U.S. 589, there is no justification for confining such system within an assumed general purpose to keep interest out of the Board's focus. Unhampered by such a restriction, it is clear that as to a transferee the Commissioner may determine a liability not only for a deficiency but also for " interest, additional amounts, and additions to the tax provided by law," and that such a determination is subject to the same process as the determination of a deficiency, that is, a proceeding in the Board for redetermination. Section 280

(a), Revenue Act of 1926, appears in the margin.[1] The Board has, in several earlier decisions in transferee proceedings, included interest in its determination, *Henry Cappellini*, 16 B.T.A. 802; *Wayne Body Corp.*, 24 B.T.A. 524; *Louis Costanzo*, 16 B.T.A. 1294; *J. E. Duval*, 21 B.T.A. 1357. A fresh consideration of the question confirms the propriety of those decisions.

The motion to dismiss for want of jurisdiction is therefore denied.

Upon the merits, it appears from the stipulated facts that the petitioner acquired all of the taxpayer's assets, leaving it with nothing; that the value of the assets thus acquired was more than the amount of the liability now being enforced, and that it gave its own shares directly to the shareholders of the original taxpayer. Its liability for the full amount of interest determined by the respondent is therefore beyond question. *Woodley Petroleum Co.*, 16 B.T.A. 253; *Concrete Industries Co.*, 19 B.T.A. 655; *Gideon-Anderson Co.*, 20 B.T.A. 106; *Magnolia Window Glass Co.*, 23 B.T.A. 1242.

*Judgment will be entered for the respondent.*

[1] SEC. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

(2) Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.