HARVEY M. TOY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MABELLE T. LUCAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 72932, 72933. Promulgated August 7, 1936.

A. C. McCloskey, C. P. A., for the petitioners.
P. A. Sebastian, Esq., for the respondent.

880

LEECH: The deceased died January 23, 1921. The tax which is the basis of the disputed interest payments was due January 23, 1922, from which date interest ran. Petitioners, as administrators, distributed to themselves, as sole beneficiaries, all the property of the estate on December 19, 1923. On the latter date the Federal estate tax deficiency due from the estate was $7,511.67, with interest at 6 percent from January 23, 1922.

The sole issue is the right of the petitioners to deduct all or any part of the interest payments detailed in the findings of fact, in the computation of their taxable incomes for the year 1931.

Section 23 of the Revenue Act of 1928 provides:

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*، \*

(b) *Interest.*—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title.

The question of law presented, therefore, is whether or not these payments constitute interest upon indebtedness within the meaning of the quoted act.

Section 3467 of the Revised Statutes provides as follows:

*Liability of fiduciaries.*—Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

While the action filed by the United States against these petitioners was not only asserted "individually" but also against them "as administrators of the will annexed of the Estate of GEORGE DANIEL TOY", it is clear that the Government, in that action, was standing upon its rights under section 3467, *supra*, because paragraph 14 of the complaint filed in such action, after alleging "possession and custody as administrators \* \* \* [of] assets belonging to the Estate \* \* \* amounting to more than the sum due the United States \* \* \* "—notice or knowledge of the tax due by the estate—the payment of debts by the estate and the distribution of

assets prior to the payment of "aforesaid debt for taxes due and owing to the United States" alleges:

* * * that by reason thereof the executors became answerable under the laws of the United States in their own proper persons and estates for so much of the aforesaid debt due the United States as remained due and unpaid and that the said debt remaining due and unpaid amounts to the sum of $16,303.87, together with interest thereon from January 23, 1922, at the rate of 6% per annum.

The statutory deduction for interest (Revenue Act of 1928, sec. 23 (b), *supra*) is limited to amounts chargeable against the taxpayer *qua interest* (*Automatic Sprinkler Co. of America*, 27 B. T. A. 160) upon his indebtedness. *Morris Plan Co. of Binghamton*, 26 B. T. A. 772. For the purpose of discussion, the interest on the original obligation of the estate may be allocable to two periods. The first period continued from January 23, 1922, to the date when petitioners, as administrators, paid debts of the estate which, on this record, was not later than December 19, 1923. The second period continued from the latter date to that of payment.

We now consider the interest covering that first period.

Under section 3467 of the Revised Statutes, *supra*, the petitioners did not become liable for deficiencies in estate taxes until, as representatives of the estate, they paid debts of the estate. And, when such payment was made before satisfaction of that deficiency, they became liable, personally, "for the debts [of the estate] so due to the United States." Those debts included, as debts, the principal of the estate tax deficiency and interest thereon to that date. That interest thus became due, from petitioners, not *qua interest* on the petitioners' indebtedness, but as their debt. Since that amount was not interest on petitioners' indebtedness, but was their debt, *per se*, it was not deductible within the statute. The fact that no interest was payable on that item of indebtedness does not change that conclusion.

But as to the interest for the second period, the answer is different.

The petitioners took the property of the estate distributed to them *cum onere*. That burden included the obligation of paying the then existing estate tax deficiency, amounting to $7,511.67, together with interest at 6 percent per annum, upon that deficiency, from that date until paid. Since distributed to petitioners, the property was their property, subject only to these obligations which, from that time forward for 10 years from the date of the distribution (Revenue Act of 1921, sec. 409) constituted a lien upon this property.

After the distribution of the property to petitioners, they were the owners of the income therefrom. Had they then paid this indebtedness, which included both tax and accrued interest, no fur-

ther interest would have been due. The interest on that debt thereafter accrued because of the petitioners' delay or withholding of payment of the obligation which constituted a lien on their property.

Under these conditions, the situation is not different from that where one receives property, assuming the payment of a mortgage thereon. The property is burdened with an obligation to pay the mortgage debt and, as long as such recipient withholds satisfaction of this debt, he must pay the interest specified. We know of no case, in computing net income, where the owner's right to deduct interest paid by him on a mortgage encumbering his property, which accrued since he became the owner, has been questioned. Manifestly, he has that right. The interest paid is a fixed and stated sum, payment of which is required for the withholding of the payment of the indebtedness. The owner has an equity in the property represented by its value in excess of the mortgage, but he is holding and using the entire value. See *Brons Hotels, Inc.*, 34 B. T. A. 376. The fixed amount the owner pays as interest to the mortgagee is interest for the retention, use and enjoyment of that portion of the total value represented by the mortgage debt. *Old Colony Railroad Co.* v. *Commissioner*, 284 U. S. 552; *Fall River Electric Light Co.*, 23 B. T. A. 168. That situation seems indistinguishable from the one presented here except that there the obligation to pay the mortgage and interest is specifically assumed, while here the same character of obligation is fixed by law. Here, as in the instance where a mortgage is specifically assumed, the obligation of the petitioners is a personal obligation under section 3467 of the Revised Statutes, *supra*.

Thus the payments of interest which accrued on the unpaid tax subsequent to petitioners' receipt of the property are deductible as "interest paid * * * on indebtedness" (Revenue Act of 1928, sec. 23, *supra*), unless the interest payable under section 406 of the Revenue Act of 1921 [1] for delay in payment of the tax after its due date, is not such "interest on indebtedness" but is merely an increase in the amount of the tax.

In resolving this question, no reason is apparent why the interest payable under section 406, *supra*, should be considered as anything other than "interest on indebtedness." It is characterized by the act as "interest." It is graduated in accordance with the time the

---

[1] SEC. 406. That the tax shall be due and payable one year after the decedent's death; but in any case where the Commissioner finds that payment of the tax within such period would impose undue hardship upon the estate, he may grant an extension or extensions of time for payment not to exceed three years from the due date.

The executor shall pay the tax to the collector or deputy collector, and to such portion of the tax, not paid within one year and six months after the decedent's death, interest at the rate of 6 per centum per annum from the expiration of one year after such death shall be added as part of the tax irrespective of any extension or extensions of time that may have been granted for the payment of the tax, or any portion thereof.

payment of the tax is withheld and it is fixed at the normal legal rate of 6 percent per annum. True, such interest has been held to be part of the tax for purposes of assessment and collection. *Louisiana & Arkansas Railway Co.*, 28 B. T. A. 153; affd., 70 Fed. (2d) 286. But, no reason or authority has been suggested why its deduction as interest should be denied in the computation of taxable income. The Commissioner has uniformly treated it as deductible.

In Law Opinion 922, 2 C. B. 227, rendered under the 1918 Act on provisions similar to those here involved it is held that interest paid on taxes due, although assessed and collected as part of the tax deficiency, constitutes interest paid on indebtedness and is, therefore, deductible in computing net income. There it is said:

> The question arises, however, whether this interest is for all purposes to be regarded as part of the tax. I am of opinion that such is not the intent of the statute. Sections 214 (a) 2 and 234 (a) 2 expressly provided for the deduction from gross income of all interest paid or accrued within the taxable year on the indebtedness of an individual or corporation (with certain specific exceptions). Interest paid under the provisions of section 250 is interest within the meaning of sections 214 (a) 2 and 234 (a) 2, notwithstanding that it is added to the amount of the tax. Had it been intended that interest paid or accrued on income taxes should be excluded from deductions, such exception would have been set forth specifically in sections 214 (a) 2 and 234 (a) 2, as was done in the case of interest on the indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917) the interest upon which is wholly exempt from taxation under the income tax.

> Sections 214 (a) 3 and 234 (a) 3, Revenue Act of 1918, which provide for the deduction of taxes paid or accrued within the taxable year, expressly except income, war profits, and excess profits taxes. This exception, however, is not intended to include interest payments made under the provisions of section 250. To so hold would amount to a direct contradiction of the provisions of the previous subdivision expressly providing for the deduction of interest.

> \*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

> It is held, therefore, that interest paid or accrued under the provisions of section 250, Revenue Act of 1918, is deductible under the provisions of section 214 (a) 2 or section 234 (a) 2 in computing net income.

It does not appear that this administrative interpretation of the law has ever been changed or modified.

We conclude that interest payable under section 406 of the Revenue Act of 1921, *supra*, for delay in payment of tax after its due date, though part of the tax for assessment and collection purposes, is still "interest on indebtedness" and deductible as such by the payor under section 23 of the Revenue Act of 1928.

If the liabilities disputed here rested only upon petitioners' status as distributees or transferees, it may be that none of the interest paid on the deficiencies would have been deductible here. *Joseph W. Bettendorf*, 3 B. T. A. 378; *Helen B. Sulzberger*, 33 B. T. A. 1093. But the deductibility of the disputed interest payments here was

rested by respondent, solely, upon petitioners' personal liabilities under section 3467 of Revised Statutes, *supra.*

Reviewed by the Board.

*Decision will be entered under Rule 50.*

VAN FOSSAN dissents.

---

MORRIS, dissenting: I disagree with the majority opinion in so far as it disallows the deduction of that part of the interest which accrued prior to the distribution of the assets of the estate by the petitioners. In my opinion the total interest paid by the petitioners is deductible. That conclusion is based solely on the nature of the petitioners' liability under section 3467 of the Revised Statutes. The error in the majority opinion is in confusing the time at which the liability arises with the substance of that liability. Although under that section the petitioners did not become answerable in their own persons and estates until they distributed the assets of the estate without having satisfied the debts due the United States, the distribution made them personally liable for the debt, namely, the unpaid tax, and in addition any interest that had or would accrue to the time of payment. The excess over and above the tax is designated as interest by the statute, the judgment of the court was for the tax with interest, and the amounts claimed as a deduction were paid as such. The debt became the petitioners' personal obligation and they were equally answerable under the above section for any excess which the statute adds as interest. The statute permits the deduction of all interest paid on indebtedness. Under 3467 this was the petitioners' indebtedness, and the interest paid is therefore deductible.

BLACK and McMAHON agree with this dissent.

---

MELLOTT, dissenting: The deceased died January 23, 1921. The petitioners were appointed administrators with the will annexed June 6, 1922. The additional tax was assessed August 16, 1922. December 19, 1923, petitioners as administrators, distributed to themselves as sole beneficiaries all the property of the estate, which the opinion of the majority finds to be "in excess of the tax liability of the estate."

The tax was a tax against the estate. It became due and payable one year after decedent's death. (Sec. 406, Revenue Act of 1921.) The interest was "added as part of the tax." (Sec. 406, *supra.*) The tax, including the interest, was "a lien for ten years upon the gross estate of the decedent." (Sec. 409, Revenue Act of 1921.)

When petitioners received all the assets of the estate they took them *cum onere*. They were transferees and the property in their hands was impressed with a trust for the payment of the tax. (*Capps Manufacturing Co.* v. *United States*, 15 Fed. (2d) 528, and cases cited.) Even in the absence of a statutory provision, interest and penalties are part of the tax and may be collected from the transferee. (*Coca-Cola Bottling Co.*, 22 B. T. A. 686; *Louisiana & Arkansas Railway Co.*, 28 B. T. A. 153; affd., 70 Fed. (2d) 286.)

Petitioners paid no interest upon an indebtedness of theirs. The debt was the tax of the estate, together with the interest "added as part of" it. It is immaterial that suit was brought against them on the theory that their liability arose because they, as executors, had distributed the property of the estate. The gravamen of the action was to collect the tax due the Government, which included the interest. That is what was collected from the petitioners. (Cf. I. T. 1424, I–2 C. B. 101.)

I am of the opinion that the deficiency should be approved.