**In re ORR'S ESTATE.**

**FIFTH AVENUE BANK OF NEW YORK et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 126.

Circuit Court of Appeals, Second Circuit.

Dec. 19, 1938.

Edward J. Prest, of New York City, for petitioners Fifth Avenue Bank of New York and Anna V. Grandon, as executors of the last will and testament of William C. Orr, deceased.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Helen Carloss, and Alexander Tucker, Sp. Assts. to Atty. Gen., for respondent Commissioner of Internal Revenue.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This appeal is from an order of the Board of Tax Appeals dismissing for lack of jurisdiction a proceeding instituted before it by the executors of the will of William C. Orr, deceased, to obtain a determination that there was no deficiency in his income tax for the period from January 1, 1936, to April 5, 1936, the date of his death.

On January 6, 1937, the executors filed a prior-to-death return for the calendar year 1936, reporting income between January 1 and April 4, inclusive. The return showed a net tax liability of $62.29, which was paid at the time of filing the return. In a letter dated the same day and also in one dated January 26, 1937, they requested an early audit and assessment of a deficiency tax, if any. A revenue agent's report under date of March 29, 1937, disclosed a deficiency in income tax of $28,451.11. The executors paid such deficiency to the Collector on March 29 and a copy of the report was transmitted to the estate on or about March 31, 1937.

The deficiency disclosed by the agent's report was due almost entirely to the omission from income in the executors' return of $93,634.16 representing professional fees received by the estate of the decedent for services rendered by him prior to the date of his death. This amount the Department held to be taxable income at the date of death. Protests were filed by the executors on April 23 and May 19, 1937, to the determination of income tax liability as recommended by the revenue agent. On October 28, 1937, the Deputy Commissioner of Internal Revenue mailed a letter to the executors which, so far as material, read as follows:

"Further reference is made to your letter of January 26, 1937, requesting that prompt action be taken on the income tax return of William C. Orr for the taxable year ended December, 31, 1936 (reporting income from January 1, 1936 to April 4, 1936, the date of death of the decedent).

"Evidence showing your authority to administer upon the Estate of William C. Orr is on file in this office.

"The above-mentioned return was made the subject of a revenue agent's report dated March 29, 1937, a copy of which was transmitted to you March 31, 1937. The report disclosed a deficiency in tax of $28,-451.11, which was approved by this office.

"The collector of internal revenue, Second District of New York, advised this office that payment of the deficiency in tax was made March 29, 1937. Accordingly, the tax was assessed in this office, appearing on the April, 1937 list, page 6, line 4, #5.

"Under date of August 12, 1937, the internal revenue agent in charge, 17 Battery Place, New York, New York, forwarded to this office protests filed by you with his office under dates of April 23, 1937 and May 19, 1937, in which exception is taken to the determination of the income tax liability.

"The adjustment to which you take exception is the inclusion in income of an amount, $93,634.16, representing professional fees received by the estate of the decedent for services rendered by him prior to the date of his death. In this connection you are advised that careful consideration has been given the information contained in the protests and the information furnished at the conference held in the office of the internal revenue agent in charge August 9, 1937.

"However, the Bureau holds that the amount of $93,634.16 represents taxable income at the date of death, in accordance with the provisions of Section 42 of the Revenue Act of 1936, 49 Stat. 1666, 26 U. S.C.A. § 42, which provides, in part, as follows:

" 'In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period.'

\*  \*  \*  \*  \*  \*

"The returns filed for the taxable years ended December 31, 1934 and 1935 have been previously audited and a deficiency in tax of $566.43 assessed for the taxable year ended December 31, 1934, and $12.11 assessed for the taxable year ended December 31, 1935.

"It is suggested that you ascertain from the collector of internal revenue for the district in which the returns were filed, whether unpaid assessments are outstanding. The presentation of this letter, or a copy thereof, to that official will expedite such action. \*  \*  \*"

■ On May 7, 1937, and June 5, 1937, the Collector demanded payment of a balance of income tax amounting to $65.96, which apparently represented unpaid interest due upon the tax as corrected. The letter which we have quoted of October 28, 1937, disclosed no deficiency within the meaning of the term as thus defined in Section 271 of the Revenue Act of 1936, 49 Stat. 1721, 26 U.S.C.A. § 271:

"As used in this chapter in respect of a tax imposed by this chapter 'deficiency' means—

"(a) The amount by which the tax imposed by this chapter exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax. \*  \*  \*"

The amount of the tax shown by the executors on their return was $62.29 and the increase proposed in the adjustment by the revenue agent was $28,451.11. Inasmuch as the aggregate of $28,513.40 had been paid long prior to October 28, 1937 (the last item of $28,451.11 having been paid on March 29, 1937), no deficiency existed within the meaning of Section 271 at the time when the letter of October 28 was sent.

The executors, however, contend that the letter of October 28, 1937, was a deficiency notice which enabled them to file a petition for redetermination with the Board of Tax Appeals pursuant to Section 272 of the Revenue Act of 1936, 49 Stat. 1721, 26 U.S.C.A. § 272. But while the letter stated that the report of the revenue agent "disclosed a deficiency in tax of $28,-451.11", it also stated that the Bureau had

been advised by the Collector that payment of the deficiency had been made on March 29, 1937. It is hard to see how the letter could have been a deficiency notice when it disclosed no deficiency.

Within ninety days after the mailing of the letter of October 28, 1937, to wit, on February 8, 1938, the executors filed an amended petition with the Board in which they alleged that a notice of deficiency "was mailed to the petitioners on October 28, 1937". On March 1, 1938, the Commissioner moved to dismiss the petition on the ground that the letter did not propose a deficiency as defined in Section 271(a) and was not itself a notice of deficiency as contemplated by Section 272(a), 49 Stat. 1721. The motion was granted and from the order dismissing the petition the present appeal was taken.

■■ The Board of Tax Appeals was created to avoid the old rule of payment first and litigation afterwards, but jurisdiction on the part of the Board exists only where there is a deficiency determined by the Commissioner and a ninety day notice mailed to the taxpayer pursuant to Section 272 (a), supra. In respect to the item of interest, the Revenue Act itself controls its imposition. The Board had no jurisdiction to deal with it. United States v. Globe Indemnity Co., 2 Cir., 94 F.2d 576, certiorari denied May 23, 1938, 304 U.S. 575, 58 S.Ct. 1047, 82 L.Ed. 1538. See, also, the discriminating opinion by Mr. Sternhagen in Northwestern Mutual Life Insurance Co. v. Commissioner, 1 B.T.A. 767. In the case at bar the Board refused to deal with the imposition of interest in accordance with its long established practice. Levy v. Commissioner, 18 B.T.A. 337, 339; Swanston v. Commissioner, 18 B.T.A. 379; Capital Building & Loan Association v. Commissioner, 23 B.T.A. 848.

Even if the interest charge of $65.47 had constituted a deficiency within the meaning of Section 271(a) that item was not mentioned in the letter of October 28. Accordingly there was no such deficiency notice as is required under Section 272(a) to afford a basis for invoking the jurisdiction of the Board. The letter showed affirmatively that the deficiency which at one time existed had been paid; it made no demands, disclosed no further deficiencies and purported to determine no other liability. Nor were the taxpayers advised in the letter, as is customary, to file a petition with the Board within ninety days, nor was the usual ninety day letter mailed to them. We hold that the letter of October 28, 1937, was wholly ineffective to give the Board jurisdiction and that the proceeding to redetermine the tax was properly dismissed. If the executors wish to review the acts of the Commissioner they will have to bring an action in the District Court in the old way.

Order affirmed.