Estate of G. Percy McGlue, Deceased, M. Edith McGlue, Executrix v. Commissioner.
Estate of McGlue v. Commissioner
Docket No. 98446.
United States Tax Court
1943 Tax Ct. Memo LEXIS 342; 1 T.C.M. (CCH) 981; T.C.M. (RIA) 43202; April 26, 1943
*342 Ralph P. Wanlass, Esq., and Lionel B. Farr, C.P.A., 1333 G St., N.W., Washington, D.C., for the petitioner. John W. Smith, Esq., for the respondent. SMITH Decision SMITH, Judge: Pursuant to the order of the Tax Court entered on March 1, 1943, the respondent, on March 8, 1943, filed his computation for entry of decision. On March 31, 1943, the petitioner filed an alternative computation. That of the respondent shows an overpayment (section 809 (a), Revenue Act of 1938) of $38,602.03; that of the petitioner shows the same overpayment plus $12,761.92 representing interest paid on April 9, 1942, on a deficiency of $35,049.67 in income tax for 1935, or a total overpayment of $51,363.95. For reasons stated in a Memorandum Sur Decision attached hereto we are of the opinion that the overpayment to be found pursuant to the mandate of the United States Circuit Court of Appeals for the Fourth Circuit filed with this Court of February 10, 1943, is in the amount of $38,602.03. Wherefore, it is - ORDERED and DECIDED that there is an overpayment of income tax for the fiscal period January 1 to October 31, 1935 (section 809 (a), Revenue Act of 1938) in the amount of $38,602.03. Memorandum Sur *343 Decision SMITH, Judge: The Board's decision in this case entered July 22, 1940, pursuant to the Board's Findings of Fact and Opinion promulgated May 21, 1940, 41 B.T.A. 1186, was reversed by the United States Circuit Court of Appeals for the Fourth Circuit, Helvering v. McGlue's Estate, 119 F.2d 167. Pursuant to the mandate of the court the Board entered a Memorandum Opinion on December 31, 1941. Pursuant thereto the petitioner and the respondent filed alternative computations for entry of decision. The Board, on February 17, 1942, entered its decision to the effect that there was a deficiency in income tax for 1935 in the amount of $35,049.67. Thereafter, and on April 9, 1942, the petitioner paid the deficiency of $35,049.67 together with interest in the amount of $12,761.92, total $47,811.59. This deficiency was paid in order to stop the running of interest upon the deficiency. In due course the petitioner appealed from the decision of the Board entered February 17, 1942, determining a deficiency in income tax for 1935 in the amount of $35,049.67 to the United States Circuit Court of Appeals for the Fourth Circuit. *344 The court in a mandate to the Tax Court of the United States received on February 10, 1943, stated: * * * Upon consideration of the joint motion of counsel filed in the above entitled cause, it is - ORDERED, that the decision of the Board of Tax Appeals be vacated and the cause be and hereby is remanded to The Tax Court of the United States for the purpose of determining the application and effect of the amendatory provisions of Section 134 of the Revenue Act of 1942, and for redetermination of the deficiency in tax pursuant to the provisions thereof. By an order entered March 1, 1943, the parties litigant were required to - * * * submit computations of tax liability of the petitioner consistent with the mandate of the United States Circuit Court of Appeals or otherwise move in respect of the case on or before Wednesday, April 7, 1943. On March 8, 1943, the respondent filed his computation for entry of decision pursuant to the Tax Court's order dated March 1, 1943. This computation shows an income tax liability of the decedent from January 1, 1935, to the date of his death, October 31, 1935, of $5,517.19. The total income tax paid for such period, exclusive of any interest, was *345 in the amount of $44,119.22. The respondent therefore shows an overpayment (section 809 (a), Revenue Act of 1938), of $38,602.03. The petitioner on March 31, 1943, filed his computation for entry of decision. This likewise shows an income tax liability for the period January 1 to October 31, 1935, of $5,517.19. It also shows assessments and payments of income tax for such fiscal period of $44,119.22, plus a payment of interest on April 9, 1942, of $12,761.92, or a total of $56,881.14. Wherefore, the petitioner asks for a decision showing an overpayment in the amount of $51,363.95. The payments of income tax, together with interest, for the fiscal period ended October 31, 1935, were made as follows: March 14, 1936
$ 2,267.39
June 12, 1936
2,267.39
September 4, 1936
2,267.39
December 12, 1936
2,267.38
Apr. 9, 1942 (def. in tax)
35,049.67
Apr. 9, 1942 (interest)
12,761.92
Total
$56,881.14
The respondent submits that an overpayment of interest in connection with the payment of a tax or a deficiency in tax is not a part of the deficiency and in support thereof cites Joseph P. Levy, et al., Executors, 18 B.T.A. 337; Capital Building & Loan Association, 23 B.T.A. 848; *346 Louisiana and Arkansas Ry. Co., 28 B.T.A. 153; affd., 70 F.2d 286; Edna F. Hays, et al., Executors, 34 B.T.A. 808. We are not persuaded that the above cited cases are in point in this proceeding; for we are concerned here only with the application and effect of the amendatory provisions of section 134 of the Revenue Act of 1942. Both parties are in agreement that the overpayment of income tax for the fiscal year 1935 is in the amount of $38,602.03. It is in evidence that the petitioner paid interest upon the deficiency in income tax for the fiscal period ended October 31, 1935, of $12,761.92. At the hearing of this proceeding counsel for the respondent stated that the adjustment of the interest would be made in accordance with Treasury Decision 5233, promulgated February 26, 1943. The Tax Court has no jurisdiction over the matter of interest. The Tax Court has entered its decision therefore for the overpayment of income tax for the fiscal period January 1 to October 31, 1935, in the amount of $38,602.03.