CAPITAL BUILDING & LOAN ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36283. Promulgated June 24, 1931.

*L. L. Hamby, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, and *Frank A. Surine, Esq.*, for the respondent.

OPINION.

TRAMMELL: This proceeding involves deficiencies for 1924 and 1926 in the amounts of $11,630.50 and $927.70, respectively, and the further question as to whether the Board has jurisdiction for 1925, for which year the respondent has determined an overassessment of $122.51.

The parties have stipulated that there are no deficiencies for either of the years 1924 and 1926, but that there were overpayments in taxes in the amounts of $11,630.50 and $5,729.49 for 1924 and 1926, respectively. With respect, however, to interest paid on the above amounts, the petitioner contends and the respondent denies that the Board has jurisdiction to make a determination. For 1924, the petitioner was assessed interest in the amount of $2,132.71, of which

the petitioner paid $2,010.30 on June 13, 1928, and the balance, $122.51, was paid by a credit on the tax liability for 1925. The petitioner was assessed interest on the 1926 taxes in the amount of $94.94, all of which was paid on or before March 31, 1928, $36 having been paid on June 15, 1927, and $58.94 on March 31, 1928. This interest was added to the tax and collected.

The controversy relates to the question as to whether the Board has jurisdiction to determine whether the amount of interest paid on a conceded overpayment of taxes is an overpayment.

Our jurisdiction to determine overpayments rests upon section 284 (e), which provides as follows:

If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer as provided in subdivision (a). Such refund or credit shall be made either (1) if claim therefor was filed within the period of limitation provided for in subdivision (b) or (g) or (2) if the petition was filed with the Board within four years after the tax was paid, or, in the case of a tax imposed by this Act, within three years after the tax was paid.

It is to be observed that if the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax for the taxable year in which a deficiency was determined, it shall have jurisdiction to determine the amount of the overpayment. Such overpayment referred to is an overpayment of *tax*. The interest on a tax is not a tax, but is something in addition to the tax. The additions to the tax or additional amounts added to the tax are not the tax which is referred to in the statute which we can find has been overpaid. We have held that a deficiency, notice of which was sent to a taxpayer and which is in part due to an erroneous refund, would not be increased by an amount equal to the interest paid by the Commissioner at the time of making such refund, although motion to do so is timely made. *Joseph Levy et al.*, 18 B. T. A. 337. In the same case we held that interest does not fall within the terms of section 308 (e) of the Revenue Act of 1926, which provides that the Board shall have power to determine whether any additional amount or addition to the tax should be assessed.

We have also held that interest paid to a taxpayer at the time of an erroneous refund is not an amount "otherwise rebated or refunded" and does not fall within the definition of a statutory deficiency. *L. G. Wolfe, Administrator*, 20 B. T. A. 1065.

In our opinion, the interest on the amounts asserted as deficiencies which were subsequently determined to have been overpayments is not itself an overpayment of tax, and consequently we have no jurisdiction to determine the matter.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*