CAPITAL BUILDING & LOAN ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36283. Promulgated July 13, 1931.

*L. L. Hamby, Esq.,* for the petitioner.
*J. Arthur Adams, Esq.,* and *Frank A. Surine, Esq.,* for the respondent.

SUPPLEMENTAL OPINION.

TRAMMELL: In the opinion in this proceeding promulgated June 24, 1931, we did not pass upon one of the issues involved in the proceeding, to wit, whether the Board had jurisdiction for the taxable year 1925.

With respect to that issue the evidence discloses that the petitioner, believing and contending that it was exempt from liability for income taxes, but being required to file a return or face a penalty for failing to do so, filed on March 12, 1926, a paper entitled " Corporation Income Tax Return for Calendar Year 1925," on which was given most of the information called for thereon in respect to items that represent gross income and deductions therefrom, but omitting to state any net income subject to the tax, any claim for credit as a taxable corporation, any amount of statutory gross income, or any amount as the sum of statutory deductions, and omitting to show any amount as a tax. Attached to this paper designated a return was a written protest signed by the petitioner disclaiming any liability for the filing of the return or the payment of taxes, but claim-

ing exemption therefrom as a domestic building and loan association. No amount was paid upon the filing of this paper.

From the information contained in the aforesaid paper respondent computed and thereafter, without mailing the notice required by section 274 (a), assessed a tax against the petitioner in the amount of $9,288.05 on May 26, 1926. In June, 1926, interest upon said tax was assessed in the amount of $86.87 and thereafter upon notice and demand from the collector the petitioner paid said tax and interest under protest. Thereafter on January 9, 1928, the respondent mailed the petitioner a letter accompanied by a statement upon which was set forth the tax liability of the petitioner for each of the years 1924, 1925 and 1926. The petitioner received no communication whatever from the respondent from the date it filed on March 12, 1926, the aforesaid paper entitled " Return " until it received the letter of January 9, 1928, other than notice and demand for payment from the collector. Within 60 days after the date of the notice of deficiency of January 9, 1928, the petitioner filed its petition with the Board of Tax Appeals.

The Commissioner later credited against the taxes he had assessed for 1924 an overassessment and overpayment of $122.51 of the taxes for 1925.

The petitioner contends that, as the Commissioner claims a larger amount due than that shown upon the return and admitted to be due, the Board has jurisdiction to hear and redetermine the entire liability; otherwise it has no jurisdiction.

We may entirely agree with the taxpayer's contention that, when it filed its return in which it did not set forth any amount as the tax and accompanied that return with a statement and protest that no tax was due upon the ground that it was an exempt corporation, and the Commissioner asserted any amount as a tax, the amount so asserted was a deficiency, upon the authority of *Continental Accounting & Audit Co.*, 2 B. T. A. 761; but, conceding this to be true, there is another difficulty in this case. The petitioner has paid all the tax claimed to be due and has not received a notice from the Commissioner asserting any deficiency. Conceding that no amount was shown as a tax by the taxpayer on its return, or that no return was made by the taxpayer, then in order to be a deficiency there must be some amount asserted which exceeds the tax previously assessed or collected without assessment. This is not a case where a claim in abatement was rejected and by the rejection thereof the Commissioner in effect asserted an additional tax liability in excess of that previously paid from which the taxpayer is now appealing, but is a case where the Commissioner is not asserting any amount in excess of that previously paid before the sending of the notice of the defi-

ciencies which involved the other years only. In the present notice of deficiency the Commissioner merely stated that there had been an overassessment for 1925. Clearly this did not give us jurisdiction to determine the amount of the overassessment.

It may well be that the Commissioner acted illegally in collecting the tax for 1925 in that he did not send a notice of deficiency, and it may well be true that the taxpayer could have enjoined the collection of the tax upon that theory, but these are questions with which we have no concern. In any event, the Commissioner has not mailed to the taxpayer a notice of deficiency from which the taxpayer may appeal to the Board for a redetermination.

The proceeding, so far as 1925 is concerned, will therefore be dismissed for lack of jurisdiction.

*Order of dismissal will be entered accordingly.*