CAPITOL BUILDING & LOAN ASS'N v. BURNET, Commissioner of Internal Revenue.

No. 5613.

Court of Appeals of the District of Columbia.

Argued Jan. 5, 1933.

Decided Feb. 6, 1933.

L. L. Hamby, of Washington, D. C., for appellant.

G. A. Youngquist, Sewall Key, C M. Charest, Helen R. Carloss, and J. Arthur Adams, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decision of the Board of Tax Appeals refusing to determine the tax liability of appellant for the year 1925 on the ground that it was without jurisdiction (23 B. T. A. 1117).

The facts are not in dispute. Believing and contending that it was exempt from liability for income taxes, but being required to file a return or face a penalty for failure to do so, appellant on March 12, 1926, filed a paper with the Commissioner entitled "Corporation Income Tax Return for Calendar Year 1925." This return contained most of the required information, but omitted to state any net income subject to tax and omitted to show any amount as the tax. Attached to the return was a written protest disclaiming any liability for the filing of the return or the payment of taxes, but claiming exemption therefrom as a domestic building and loan association. No amount was paid on the filing of this return. From the information contained therein the Commissioner computed and (without mailing the notice required by section 274 (a) of the Revenue Act of 1926 (26 USCA § 1048) on May 26, 1929, assessed a tax against the appellant in the sum of $9,288.05. In June, 1926, interest upon this tax was assessed in the amount of $86.87. Thereafter, upon notice and demand from the collector, appellant paid the tax and interest under protest. On January 9, 1928, the Commissioner mailed the appellant a letter accompanied by a statement upon which was set forth the tax liability of appellant for the years 1924, 1925, and 1926. Appellant re-

ceived no communication whatever from the Commissioner from the date it filed on March 12, 1926, the so-called return until the letter of January 9, 1928, except the notice and demand for payment by the collector, nor was any other notice sent. Within sixty days after the date of the notice of the deficiency of January 9, 1928, appellant filed its petition with the Board of Tax Appeals.

The first paragraph of the January 9 letter reads as follows: "The determination of your tax liability for the years 1924, 1925, and 1926, discloses a deficiency of $12,558.20 for the years 1924 and 1926 and an overassessment of $122.51 for the year 1925, as shown by the attached statement." This letter also advised appellant that, where an opportunity to file a petition with the Board of Tax Appeals has been given a taxpayer, and he has failed to do so within sixty days, "and an assessment has been made, or where a taxpayer has filed a petition and an assessment in accordance with the final decision on such petition has been made, the unpaid amount of the assessment must be paid upon notice and demand from the collector of internal revenue. No claim for abatement can be entertained." The statement attached to this letter contains the following: "The right of petition as indicated on page 1 of this letter refers only to any deficiency in tax indicated herein inasmuch as there is no provision in the Revenue Act of 1926 granting the right of petition against the determination of any overassessment found *upon a review of your returns.*" (Italics ours.)

The Board of Tax Appeals accepted appellant's contention that, when it filed its return in which it did not set forth any amount as the tax and accompanied the return with a statement and protest that no tax was due because it was an exempt corporation, and the Commissioner asserted any amount as a tax, the amount so asserted was a deficiency, citing Continental Accounting & Audit Company, 2 B. T. A. 761. The Board then said: "The petitioner has paid all the tax claimed to be due and has not received a notice from the Commissioner asserting any deficiency. Conceding that no amount was shown as a tax by the taxpayer on its return, or that no return was made by the taxpayer, then in order to be a deficiency there must be some amount asserted which exceeds the tax previously assessed or collected without assessment. * * * In the present notice of deficiency the Commissioner merely stated that there had been an overassessment for 1925. Clearly this did not give us jurisdic-

tion to determine the amount of the overassessment."

Section 273 of the Revenue Act of 1926 (44 Stat. 9, 55 [26 USCA § 1047]) defines the term "deficiency" as the amount by which the tax imposed exceeds the amount shown as the tax by the taxpayer upon his return, but requires the amount so shown on the return to be "increased by the amounts previously assessed (or collected without assessment) as a deficiency. * * *" Or, if no amount is shown as a tax by the taxpayer upon his return, "then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency."

Under section 274 (a) of the 1926 act (26 USCA § 1048), the Commissioner is required to send notice of deficiency to the taxpayer by registered mail. Within sixty days after such notice is mailed, the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in section 274, subdivision (d) or (f) (26 USCA §§ 1048b, 1048d), or in sections 279, 282, or 1001 (26 USCA §§ 1051, 1063, 1071, and § 1224 and note), no assessment of a deficiency and no distraint or proceeding in court for collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer or until the expiration of the sixty-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Subdivisions (d) and (f) of section 274 and section 282 and section 1001 are not applicable here.

Section 279 (see 26 USCA § 1051) authorizes the Commissioner to make an assessment without first giving the sixty-day notice if he thinks collection of the tax may be jeopardized by delay. Since the sixty-day notice was not sent in this case when the 1926 assessment was made, it must be assumed that the assessment was a jeopardy assessment, as otherwise it would be without warrant of law.

Under section 279 (b), 26 USCA § 1051 (b), if a jeopardy assessment is made before any notice has been mailed, "then the Commissioner shall mail a notice under such section within 60 days after the making of the assessment." The taxpayer then has the right to appeal to the Board as though the notice had been sent before the assessment. It is the contention of appellant that there can be no assessment *"as a deficiency"* until such notice has been sent.

In this case, as we have seen, the sixty-day

letter was not sent until January 9, 1928, when the tax liability of appellant for the years 1924, 1925, and 1926 was finally determined. Since no tax liability was admitted for the year 1925, we are of the view that the amount finally determined by the Commissioner was a deficiency within the meaning of section 273 (26 USCA §. 1047), and that the taxpayer rightfully invoked the jurisdiction of the Board of Tax Appeals by the filing of a petition within 60 days from the date of the mailing of the Commissioner's letter of January 9, 1928. This conclusion is in harmony with the present ruling of the Commissioner relating to deficiency in tax under the act of 1926, as follows: "Where a taxpayer at all times claims to be exempt and, denying tax liability, files a return under protest, the mere filling in of the blanks on the return is not an admission of the tax being due. The tax determined to be due by the bureau under such circumstances, upon the basis of the net income disclosed in the taxpayer's return, represents a 'deficiency' within the meaning of section 273 of the Revenue Act of 1926." Cumulative Bulletin VII–1, page 138 (VII–8–3618; I. T. 2400).

The decision of the Board promulgated July 13, 1931, is reversed, and the case is remanded for further proceedings.

Reversed.