STANLEY A. and DENA FORSTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forster v. Commissioner
Docket No. 2668-84.
United States Tax Court
T.C. Memo 1985-602; 1985 Tax Ct. Memo LEXIS 35; 51 T.C.M. (CCH) 81; T.C.M. (RIA) 85602; December 10, 1985. Arthur Delany, for the petitioners. Warren P. Simensen, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice of deficiency dated January 30, 1984, respondent determined a deficiency of $8,215.30 in petitioners' 1975 Federal income tax liability. The parties have reached agreement that petitioners are liable for an underlying tax deficiency in the amount of $7,337.40. The only issue remaining for decision is whether this Court has jurisdiction with respect to petitioners' liability for interest accruing on the agreed deficiency subsequent to May 22, 1983, the date on which petitioners mailed a Closing Agreement to respondent, and if so, whether petitioners should be relieved of liability with respect to that interest. Following a brief hearing held on December 10, 1984, in Washington, D.C., this case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulated *37 facts are incorporated herein by this reference and are summarized below. FINDINGS OF FACT Petitioners, Stanley and Dena Forster, are husband and wife and resided in Silver Spring, Maryland, at the time they filed their petition herein. Following the granting of an automatic extension, petitioners timely filed their 1975 Federal income tax return on May 24, 1976. On their 1975 Federal income tax return, petitioners claimed a loss in the amount of $22,238 arising from a limited partnership interest. Upon audit, respondent disallowed this deduction. Petitioners executed a total of four forms to extend the time during which respondent could make an assessment with respect to their 1975 Federal income tax liability. A Form 872, "Consent Fixing Period of Limitation Upon Assessment of Tax," was executed by petitioners on February 28, 1979, extending the time for assessment to April 15, 1980. A second Form 872, "Consent to Extend the Time of Assess Tax," was executed by petitioners on April 8, 1980, extending the time for assessment to April 15, 1981. A third Form 872, "Consent to Extend the Time to Assess Tax," was executed by petitioners on March 11, 1981, extending the time for *38 assessment to April 15, 1982. Finally, a Form 872A, "Special Consent to Extend the Time to Assess Tax," was executed by petitioners on November 30, 1981, extending the time for assessment until 90 days after the Internal Revenue Service either mailed to or received from the taxpayers a Form 872 or 90 days following the issuance of a statutory notice of deficiency, whichever event occurred first. On or about May 22, 1983, petitioners signed and mailed to respondent a Form 906, "Closing Agreement on Final Determination Covering Specific Matters," (hereinafter referred to as the "Closing Agreement"). The agreement reflected therein pertained to the deductions petitioners had claimed on their 1975 Federal income tax return with respect to the limited partnership interest. The agreement was negotiated with and orally agreed to by respondent's Washington, D.C., Office of Appeals and by petitioners' counsel. The Closing Agreement never actually was executed by the Internal Revenue Service, and it was not contained within respondent's administrative file pertaining to petitioners' 1975 Federal income tax liability. Petitioners did not enclose with the Closing Agreement any payment with *39 respect to their Federal income tax liability for 1975, nor have they made any subsequent payments with regard thereto. Petitioners also executed a second closing agreement (also Form 906) on or about May 31, 1983, which pertained to deductions that petitioners had taken on their 1976 Federal income tax return with regard to another limited partnership interest. Although a Copy of the second closing agreement is contained in respondent's administrative file with regard to petitioners, that agreement also was not executed by respondent's representatives. OPINION Petitioners contend that they are not liable for interest under section 6601(a) [1] accruing subsequent to May 22, 1983, on the agreed deficiency for 1975 of $7,337.40. May 22, 1983, is the date on which petitioners mailed the Closing Agreement to the Internal Revenue Service. Their argument is based on respondent's failure to execute the Closing Agreement and on the exception provided in section 6601(c) to the imposition of interest under section 6601(a). Respondent contends that *40 this Court does not have jurisdiction with respect to interest under section 6601(a) and, in the alternative, that petitioners are liable for the interest in dispute because under that section interest accrues until the date of payment and no payment with respect to the agreed deficiency has been made. For the reasons explained below, we agree with respondent that we do not have jurisdiction over the interest in question herein. This Court is a court of limited jurisdiction. Mediros v. Commissioner,77 T.C. 1255, 1259 (1981); Wilt v. Commissioner,60 T.C. 977, 978 (1973). We exercise jurisdiction only to the extent expressly provided by Congress, and we may not enlarge upon that statutory jurisdiction. Breman v. Commissioner,66 T.C. 61, 66 (1976). See, e.g., sec. 7442; sec. 6213. This Court's jurisdiction is governed generally by section 6214, which limits our jurisdiction to a determination "of the correct amount of the deficiency * * *." Sec. 6214(a). No jurisdiction is granted to this Court over interest accruing on a tax deficiency not yet assessed. In Estate of Baumgardner v. Commissioner,85 T.C. 445 (1985), *41 a Court reviewed opinion, we explained that-- Interest does not accrue upon a deficiency, but only upon the existence of an underpayment. Sec. 6601. In order for a deficiency or tax to be unpaid, the amount must be assessed or assessable. Section 6213 limits the ability of respondent to assess a deficiency until the decision of the Tax Court becomes final. Accordingly, as a practical matter, we would have logistic difficulty exercising jurisdiction over interest on an unpaid and unassessed deficiency. [85 T.C. at 452.] The above rationale applies to the instant case. The interest involved herein has not been assessed, nor has it been paid. The Closing Agreement that petitioners filed (which only addressed certain specific matters) contained language expressly disclaiming that the agreement set forth therein constituted a determination. Even if we had jurisdiction with respect to the interest involved herein, we would not be persuaded by petitioners' argument that the accrual of interest would be suspended under section 6601(c). [2] Petitioners have not introduced any evidence to establish that they ever filed the requisite waiver of restriction on assessment *42 pursuant to section 6213(d). [3] In fact, they executed four separate forms to extend the time in which respondent could assess a deficiency. The waiver referred to in section 6601(c) usually would be accomplished through the filing of a Form 870, which petitioners did not file, and the Closing Agreement that petitioners filed did not contain any language that waived the usual restrictions on assessment contained in section 6213(d). *43 Accordingly, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Section 6601(c) provides: (c) Suspension Of Interest In Certain Income, Estate, Gift, and Chapter 42 or 43 Tax Cases.--In the case of a deficiency as defined in section 6211 (relating to income, estate, gift, and certain excise taxes), if a waiver of restrictions under section 6213(d) on the assessment of such deficiency has been filed, and if notice and demand by the Secretary or his delegate for payment of such deficiency is not made within 30 days after the filing of such waiver, interest shall not be imposed on such deficiency for the period beginning immediately after such 30th day and ending with the date of notice and demand. ↩
3. Section 6213(d) provides: (d) Waiver of Restrictions.--The taxpayer shall at anytime (whether or not a notice of deficiency has been issued) have the right, by a signed notice in writing filed with the Secretary or his delegate, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency.↩