T.C. Memo. 2000-300

UNITED STATES TAX COURT

DEAN F. AND JOCELYNE S. PACE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14302-99.[1]                    Filed September 25, 2000.

Dean F. Pace, pro se.

Igor Drabkin, for respondent.

MEMORANDUM OPINION

NAMEROFF, Special Trial Judge:  Respondent determined a
deficiency in petitioners' 1995 Federal income tax in the amount
of $6,501.  In the notice of deficiency, respondent disallowed a
net operating loss (NOL) carryover for 1995 which petitioners

_____

[1]  This case was originally commenced under the Court's
small tax case procedures.  At trial, petitioner moved for and
was granted removal of small tax case designation.

have conceded.[2]  However, petitioners contend that they have
fully paid the 1995 Federal income tax liability and are entitled
to a refund.  The sole issue for decision is whether respondent's
allocation of petitioners' voluntary tax payment was proper.[3]

Some of the facts have been stipulated and are so found.
The stipulation of facts and the attached exhibits are
incorporated herein by this reference.  At the time their
petition was filed, petitioners resided in Los Angeles,
California.  All references to petitioner are to Dean F. Pace.

Preliminary Matters

Petitioner provided general direct testimony with respect to
tax year 1995.  However, he refused to answer any inquiry into
matters pertaining to any other year.  Petitioner contended that
this Court does not have jurisdiction over any years besides
1995.  Section 6214(b)[4] provides in pertinent part:

SEC. 6214(b).  Jurisdiction Over Other Years and
Quarters.--The Tax Court in redetermining a deficiency of

---

[2]  There are computational adjustments to petitioners'
claimed charitable contribution deduction and self employment tax
computation (and deduction).

[3]  The Court ordered the parties to file simultaneous
briefs.  Petitioners did not file a brief.  We could declare
petitioners in default and dismiss their case.  See Rule 123;
Stringer v. Commissioner, 84 T.C. 693 (1985), affd. without
published opinion 789 F.2d 917 (4th Cir. 1986).  However, we
decline to do so, and we shall decide the case on the merits.
See Calcutt v. Commissioner, 84 T.C. 716 (1985).

[4]  Unless otherwise indicated, all section references are to
the Internal Revenue Code.

> income tax for any taxable year * * * shall consider such facts with relation to the taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid.

In sum, this Court shall consider facts with relation to other years to the extent we deem necessary to redetermine petitioners' income tax liability for the year before the Court. The Court overruled petitioner's objections to the questions posed and directed petitioner to respond. He "respectfully" refused. By refusing to answer questions during cross-examination, petitioner deprived respondent of the right to cross examine; therefore, petitioner's direct testimony was stricken. See United States v. Cardillo, 316 F.2d 606, 611 (2d Cir. 1963).

## Background

Petitioners mailed a check for $10,000 dated April 13, 1995, to the Internal Revenue Service (IRS). The check did not reference a specific tax year, but the word "taxes" is reflected on the memo line of the check. The IRS treated this payment as a "subsequent payment" for petitioners' 1994 taxes.

Petitioners' 1995 joint tax return, bearing a date by their signatures of October 14, 1996, reflects Federal income tax withheld in the amount of $1,308.28, and a "1995 estimated tax payments and amount applied from 1994 return" of $10,000. The return shows a total tax liability of $7,588.

On June 29, 1998, respondent sent a letter to petitioners requesting payment of $9,326.06, which consisted of $7,588 for the assessed tax liability, $1,642.68 for assessed interest, and a $95.38 adjustment for an overstated withholding in the IRS transcript. On or about July 14, 1998, petitioners mailed a check to the IRS in satisfaction of this amount.

Petitioners' 1994 joint income tax return was filed on May 30, 1997. On June 30, 1997, the IRS issued a refund check to petitioners in the amount of $11,403.66 which comprises the $10,000 subsequent payment and a $1,403.66 withholding credit.

The notice of deficiency for tax year 1995 was issued to petitioners on June 3, 1999, reflecting a deficiency of $6,501 due to the disallowance of the NOL carryover and computational adjustments. Petitioners contend that respondent erred in applying the $10,000 sent in April 1995 to the 1994 tax year. According to petitioners, the $10,000 should have been applied, although not designated by petitioners at the time they sent the check, to the 1995 taxes. Petitioners further contend that the $10,000 payment should be applied to the tax deficiency stated in the notice of deficiency and that they should receive a refund of the excess.

## Discussion

If a taxpayer makes a voluntary payment without directing the application of the funds, the IRS may make whatever

allocation it chooses. See <u>Estate of Baumgardner v. Commissioner</u>, 85 T.C. 445, 459 (1985). The taxpayer does have a right to direct his or her voluntary payment but must make the request or designation how the money is to be applied. See <u>Wood v. United States</u>, 808 F.2d 411, 416 (5th Cir. 1987); <u>Muntwyler v. United States</u>, 703 F.2d 1030, 1032 (7th Cir. 1983); <u>Estate of Baumgardner v. Commissioner</u>, <u>supra</u> at 459-460.

In the case at hand, petitioners did not designate on the check or otherwise where they wanted the funds to be applied. Respondent made the allocation to the 1994 tax year. In 1997, when the 1994 return was filed, respondent refunded the $10,000 along with the excess withholding to petitioners. Petitioners claimed on their 1995 return an estimated tax payment or carryover from the 1994 return of $10,000. However, respondent had not yet received petitioners' 1994 return. Lastly, petitioners' contention that the $10,000 payment should be applied to the tax deficiency with the excess refunded to them is absurd, since the $10,000 has already been refunded to them.[5]

On the basis of this record, we hold that respondent did not err in allocating petitioners' voluntary undesignated payment to

---

[5] Under the circumstances presented to the Court, petitioner should consider himself fortunate that we have not imposed a penalty for raising frivolous issues. See sec. 6673(a).

the 1994 tax year.  See Estate of Baumgardner v. Commissioner, supra.  We hold for respondent.

To reflect the foregoing,

Decision will be entered

for respondent.