The **KELL–STROM TOOL CO.,**
Incorporated

v.

**UNITED STATES of America.**
Civ. No. 8914.

United States District Court
D. Connecticut.
May 23, 1962.

Massey & Jackson, by E. A. Massey, Hartford, Conn., for plaintiff.

Harry W. Hultgren, Jr., U. S. Atty., by Irving H. Perlmutter, Asst. U. S. Atty., Hartford, Conn., for defendant.

BLUMENFELD, District Judge.

By a complaint filed in this court, the plaintiff corporation seeks to recover $22,943.81 paid to the government upon an assessment of a deficiency in corporation income taxes.

The government has set up a first defense, alleging that the total assessment against the plaintiff was $25,955.32, consisting of $22,943.81 deficiency in tax and $3,011.51 interest. Alleging that only $22,943.82 (one cent more than the tax itself) has been paid, it asserts that this court is without jurisdiction of this action. It is of no moment whether the plaintiff's motion to determine jurisdiction is treated as a motion to strike the government's first defense, brought under Rule 12(f), 28 U.S.C.A., or as the government's motion to dismiss for lack of jurisdiction over the subject matter, under Rule 12(b) (1). The question is the same: Can a taxpayer maintain an income tax refund suit in the district court after paying all of the tax assessed, but before paying the interest thereon?

Jurisdiction can be founded only upon 28 U.S.C. § 1346(a) (1), which provides that district courts shall have jurisdiction of tax refund suits:

"Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;"

The judicial and legislative history of the statute, as well as its place in a comprehensive structure of the tax laws, was exhaustively explained recently in Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1959), when on rehearing, the Supreme Court reaffirmed its decision in 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958) that a taxpayer must pay the full amount of the tax assessed as a condition precedent to bringing a suit for refund in a district court.

The plaintiff points out that here, unlike the situation in Flora, all of the "tax" deficiency was paid. It argues that Flora not only did not decide that both all of the tax, plus the interest, must be paid before a refund suit may be brought; but, that on the contrary, certain expressions in the opinion of the court supports its present motion. In particular, the taxpayer refers to fn. 37 (d), 362 U.S. p. 171, 80 S.Ct. p. 644:

"37 Petitioner cites a number of cases in support of his argument that neither the bar nor the Government has ever assumed that full payment of the tax is a jurisdictional prerequisite to suit for recovery. The following factors rob these cases of the significance attributed to them by the petitioner:

\*　　\*　　\*　　\*　　\*　　\*

"(d) In some of the cases the only amount remaining unpaid at the time of suit was interest. As we have indicated, the statute lends itself to a construction which would permit suit for the tax after full payment thereof without payment of any part of the interest."

The precise point in controversy here was not before the Supreme

Court for decision. However, what the Supreme Court said, even though it may be dictum, does not mean it should not be followed. I accept its dictums, as well as its decisions. See Hawks v. Hamill, 288 U.S. 52, 59, 53 S.Ct. 240, 77 L.Ed. 610 (1933).

While a subdivision of a footnote may often be so far removed from the meaning of a decision as to have only subtle relevance to it, that is hardly the situation here. The context in which fn. 37(d) must be read is found in Mr. Chief Justice Warren's opinion for the majority in Flora, 362 U.S. pp. 149–150, 80 S.Ct. p. 632, where, after quoting § 1346(a) (1) in full, he states:

"It is clear enough that the phrase 'any internal-revenue tax' can readily be construed to refer to payment of the entire amount of an assessment. Such an interpretation is suggested by the nature of the income tax, which is 'A tax * * * imposed for each taxable year,' with the 'amount of *the* tax' determined in accordance with prescribed schedules. (Emphasis added.) But it is argued that this reading of the statute is foreclosed by the presence in § 1346(a) (1) of the phrase 'any sum.' This contention appears to be based upon the notion that 'any sum' is a catchall which confers jurisdiction to adjudicate suits for refund of part of a tax. A catchall the phrase surely is; but to say this is not to define what it catches. The sweeping role which petitioner assigns these words is based upon a conjunctive reading of 'any internal-revenue tax,' 'any penalty,' and 'any sum.' But we believe that the statute more readily lends itself to the disjunctive reading which is suggested by the connective 'or.' That is, 'any sum,' instead of being related to 'any internal-revenue tax' and 'any penalty,' may refer to amounts which are neither taxes nor penalties. Under this interpretation, the function of the phrase is to permit suit for recovery of items which might not be designated as either 'taxes' or 'penalties' by Congress or the courts. One obvious example of such a 'sum' is interest. And it is significant that many old tax statutes described the amount which was to be assessed under certain circumstances as a 'sum' to be added to the tax, simply as a 'sum,' as a 'percentum,' or as 'costs.' Such a rendition of the statute, which is supported by precedent, frees the phrase 'any internal-revenue tax' from the qualifications imposed upon it by petitioner and permits it to be given what we regard as its more natural reading—the full tax. Moreover, this construction, under which each phrase is assigned a distinct meaning, imputes to Congress a surer grammatical touch than does the alternative interpretation, under which the 'any sum' phrase completely assimilates the other two. Surely a much clearer statute could have been written to authorize suits for refund of any part of a tax merely by use of the phrase 'a tax or any portion thereof,' or simply 'any sum paid under the internal revenue laws.' This Court naturally does not review congressional enactments as a panel of grammarians; but neither do we regard ordinary principles of English prose as irrelevant to a construction of those enactments. Cf. Commissioner [of Internal Revenue] v. Acker, 361 U.S. 87 [80 S.Ct. 144, 4 L.Ed.2d 127].

"We conclude that the language of § 1346(a) (1) can be more readily construed to require payment of the full tax before suit than to permit suit for recovery of a part payment. But, as we recognized in the prior opinion, the statutory language is not absolutely controlling, and consequently resort must be had to whatever other materials might be relevant."

By selecting interest as an obvious example of "any sum" in support of the

majority view that "any sum" has sufficient independent significance to require it to be disjoined from "any internal revenue tax", the Chief Justice has, for me, completely and effectively rejected the government's claim that interest is merged into "tax" where found in § 1346(a) (1).

Instead of limiting argument to a contention that this question only lurked in the opinion and was not considered by the Supreme Court, the government argues that whenever the term *assessed taxes* appears in the opinion of the court in Flora, the word "taxes" must be read to include interest because of § 292(a) I.R.C.1939, which specifically states:

"General rule. Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and *shall be collected as a part of the tax * * *.*" [Emphasis provided]

I agree that, although the assessment in this case was not made until 1958, the provisions of the 1939 Code are applicable because it was based largely upon a disallowance of a 1955 net operating loss, which was carried back to receive a credit on taxes paid for the 1953 year. Cf. Olshausen v. C. I. R., 9 Cir., 1959, 273 F.2d 23, cert. denied 363 U.S. 820, 80 S.Ct. 1256, 4 L.Ed.2d 1517, rehearing denied 364 U.S. 855, 81 S.Ct. 34, 5 L.Ed.2d 79. Flora may not be distinguished on that basis, for, there too, the assessment was based on a deficiency which arose out of a taxable transaction in 1950 (D.C., 142 F.Supp. 602) to which the 1939 Code would apply. But the Supreme Court found no necessity to differentiate interest upon a deficiency as provided for by 26 U.S.C. § 292(a) from any other kind of interest in order to exclude it from being within "any internal-revenue tax" as found in the jurisdictional statute, 28 U.S.C. § 1346 (a) (1), and I find no reason to accord compelling significance to § 292(a) here as to require a result so patently contrary to the fully expressed view of the

Supreme Court. Interest is not tax, even though § 292(a) requires that it "shall be collected as a part of the tax * *."

The distinction between the two, found entirely within the scope of the revenue laws, has been given determinative effect insofar as the existence of jurisdiction of the Tax Court is concerned, as in Capital Building and Loan Association, 23 B.T.A. 848, at 849 (1931), where the Tax Court stated:

"The interest on a tax is not a tax, but something in addition to the tax. The additions to the tax or additional amounts added to the tax are not the tax which is referred to in the statute which we can find has been overpaid * * * and does not fall within the definition of a statutory deficiency."

Cf. United States v. Herter, D.C.S.D. N.Y.1957, 148 F.Supp. 349, 353. Thus, the possibility of a taxpayer splitting his cause of action into one suit in the district court for refund of part of the tax and a challenge to the propriety of the deficiency with respect to the remainder by an appeal in the Tax Court, so as to litigate the same question before different tribunals at the same time, cannot exist where the split between payment and non-payment is at the line between tax and interest. Cf. Flora v. United States (supra) 362 U.S. pp. 165–167, 80 S.Ct. p. 641.

The word "assessment" in Flora did not embrace, and certainly was not directed to, the question whether payment of *both* the tax and the interest assessed is a condition upon the jurisdiction of a district court to entertain a suit for refund of taxes "erroneously or illegally assessed." Four of the Justices who dissented in Flora, not content with eliminating only the prior payment of interest as a condition upon the jurisdiction of a district court, contended that payment of merely a part of the tax itself should satisfy the jurisdictional requirement of § 1346(a) (1). See dissenting opinion of Mr. Justice Whittaker, 362 U.S. 197–198, 80 S.Ct. 657. No member of the court contended that both the de-

**194**

ficiency in tax and the interest on that deficiency had to be paid in full before a refund suit could be entertained, and I see no basis for reading such an implication into the opinion of the Supreme Court. It is not a condition precedent to the jurisdiction of this court that the interest upon the tax deficiency assessed shall be paid. The full amount of the tax has been paid. A suit to obtain a refund of it will lie in this court.

The defendant's motion to dismiss is denied.

So ordered.