David A. LEEKE, Plaintiff and
Counterclaim Defendant,

v.

UNITED STATES of America, Defendant and Counterclaimant,

v.

K. Kent MANNING, Counterclaim
Defendant and Third Party
Defendant.

No. C2–89–521.

United States District Court,
S.D. Ohio, E.D.

April 3, 1990.

David G. Korn, Rebecca R. Luck, Columbus, Ohio, for plaintiff and counterclaim defendant.

D. Michael Crites, Albert R. Ritcher, Asst. U.S. Atty., Columbus, Ohio, Jonathan P. Welch, U.S. Dept. of Justice, Washington, D.C., for defendant and counterclaimant.

Donald B. Hallowes, Reynoldsburg, Ohio, for counterclaim defendant and third party defendant.

## OPINION AND ORDER

GRAHAM, District Judge.

Plaintiff David A. Leeke has brought this suit for refund, claiming that he has been improperly assessed for failure to withhold and pay federal income taxes and Federal Contributions Act (FICA) taxes. This matter is before the court on a motion by K. Kent Manning, Counterclaim Defendant and Third Party Defendant, to dismiss the present action under R. 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The motion has been opposed by Plaintiff Leeke and Defendant United States (IRS). The motion for dismissal raises the following issues: whether the Plaintiff has fulfilled the prerequisites for subject matter jurisdiction, whether Plaintiff's complaint was sufficient to plead the court's jurisdiction, and whether the district court should retain jurisdiction over the counterclaim if Plaintiff's action is dismissed.

FACTS

On or about September 19, 1986, the Internal Revenue Service (IRS) assessed Plaintiff David A. Leeke and Counterclaim Defendant K. Kent Manning for $12,117.95 in federal income taxes and Federal Insurance Contributions Act (FICA) taxes. Both assessments were made under 26 U.S.C. § 6672, which imposes personal liability upon responsible persons of the employer in an amount equal to the amount of unpaid FICA and withholding taxes. 26 U.S.C.A. § 6672(a). The IRS has alleged that Plaintiff Leeke and Defendant Manning were "responsible persons" of Realization Corporation, doing business as Classic Construction, who willfully failed to collect federal income taxes and Federal Insurance Contributions Act (FICA) taxes withheld from Realization employees for the fourth quarter of 1982, the first, third and fourth quarters of 1983, and the first quarter of 1984. Plaintiff Leeke and Defendant Manning were employed by Realization Corporation during these periods.

Plaintiff paid $100 towards the assessment and then filed a claim for a $100 refund with the IRS on or about February 27, 1987. Plaintiff's refund claim was denied on or about June 8, 1989, and Plaintiff then filed this suit against the IRS in the district court pursuant to 28 U.S.C. § 1346(a)(1) on June 15, 1989. Plaintiff claims that he had no obligation to collect and remit withholding taxes since he was not a responsible person under § 6672. The IRS has counterclaimed for the unpaid balance of the assessed tax plus interest against the Plaintiff and has joined K. Kent Manning as a counterclaim defendant for the full amount of assessment. Plaintiff has also filed a third party complaint against Defendant Manning. Plaintiff's motion for a stay of collection of the tax during the pendency of the suit was granted by Magistrate Abel on November 1, 1989.

I. *Fulfillment of Conditions Precedent to Suit*

The first issue to be decided is whether the Plaintiff has fulfilled the conditions precedent to filing a complaint under § 1346(a)(1). That section provides in relevant part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged

to have been excessive or in any manner wrongfully collected under the internal-revenue laws.... Under this statute, a taxpayer must pay the tax alleged to have been erroneously assessed and file a claim for refund before he may bring suit in federal court. The counterpart to § 1346(a)(1) in the Internal Revenue Code is found in 26 U.S.C. § 7422, which provides in part:

> (a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary,* according to the provisions of law in that regard, *and the regulations of the Secretary established in pursuance thereof.* (Emphasis added).

■ A taxpayer must usually pay the full amount of the tax assessment before he may challenge the IRS in a suit for refund under § 1346(a)(1). *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). An exception to this rule provides that a taxpayer may pay only the assessment for part of the tax if the tax is divisible. *Flora,* 362 U.S. at 171–175, n. 37 & 38, 80 S.Ct. at 644–46, n. 37 & 38. In *Steele v. United States,* 280 F.2d 89, 91 (8th Cir.1960), the Second Circuit applied the *Flora* exception to § 6672 assessments and held that a taxpayer need only pay a divisible amount of the penalty assessment attributable to a single employee's withholding tax before instituting a refund action. *See also* 2 Internal Revenue Manual–Administration (CCH), § 5369.1(3) (1985) ("Divisible taxes include ... FICA tax, income withholding tax imposed on wages, and the 100 per-cent penalty.").

■ Plaintiff claims that he paid $100 believing that this amount was a reasonable estimate of one employee's withholding and FICA taxes. The parties have stipulated that $74.92 represents the correct amount of FICA and withholding tax for one employee for the third quarter of 1983. Defendant Manning, however, contends that since interest must be calculated on the $74.92 amount, the correct amount that should have been paid is $107.08. If Defendant Manning's contention is correct, the Plaintiff's $100 payment is not sufficient to fulfill the requirements for jurisdiction.

Defendant Manning cites *Arnold v. United States,* 82–2 U.S. Tax Cas. (CCH) Para. 13,476 (N.D.Ohio 1982), as support for his position. *Arnold* based its holding on the Supreme Court's language in *Flora* that the term "any sum" in § 1346(a)(1) refers to amounts other than taxes or penalties. One example of such a "sum" is interest. *Id.* (quoting *Flora,* 362 U.S. at 149, 80 S.Ct. at 633). Apparently, the district court read this language to mean that accumulated interest must be paid as part of a penalty to vest jurisdiction in the district court. However, a closer reading of the language of *Flora* and its accompanying footnotes suggests a different interpretation.

In footnote 37(d) of *Flora,* the Supreme Court stated:

> Petitioner cites a number of cases in support of his argument that neither the bar nor the Government has ever assumed that full payment of the tax is a jurisdictional prerequisite to suit for recovery. The following factors rob these cases of the significance attributed to them by the petitioner:
>
> (d) In some cases the only amount remaining unpaid at the time of suit was interest. *As we have indicated, the statute lends itself to a construction which would permit suit for the tax after full payment thereof without payment of any part of the interest.*

*Flora,* 362 U.S. at 171, 80 S.Ct. at 644. (Emphasis added). Footnote 37(d) must be read in the context of the majority opinion of *Flora,* 362 U.S. at 149–150, 80 S.Ct. at 632–33. *See Kell–Strom Tool Co. v. United States,* 205 F.Supp. 190 (D.Conn.1962).

In that passage, the court construed the meaning of the phrases "any internal-revenue tax" and "any sum" in § 1346(a)(1). The Court stated that the two phrases were to be read disjunctively, meaning that the phrase "any sum" permitted recovery for items other than taxes or penalties, while "any internal-revenue tax" meant recovery of the tax itself. *Flora,* 362 U.S. at 149–150, 80 S.Ct. at 632–33. This interpretation of the statute permitted the phrase "any internal-revenue tax" to be given its proper meaning as the full tax. *Id.* at 150, 80 S.Ct. at 633. The Court concluded that § 1346(a)(1) should be construed to require full payment rather than part payment of the tax before suit. *Id.* at 150–151, 80 S.Ct. at 633–34. This passage, therefore, addressed the issue of whether § 1346(a)(1) required full payment of the *tax* as a jurisdictional prerequisite and not whether interest was to be included as part of the payment. Furthermore, by selecting interest as an example of "any sum" in support of the majority view that the two phrases were to be read disjunctively, the Supreme Court appears to have rejected the notion that "interest" is merged into "internal-revenue tax" in § 1346(a)(1). *Kell–Strom,* 205 F.Supp. at 192–193. Therefore, the *Flora* opinion does not support the notion that interest must be included in payment of the tax to obtain jurisdiction.

This court finds that the stipulated amount of $74.92 without interest was sufficient to meet the requirement of payment of one employee's tax for the court's jurisdiction over the refund action for the third quarter of 1983.

▇ However, jurisdiction under § 1346(a)(1) is limited by 26 U.S.C. § 7422(a), which prohibits any suit for refund of taxes prior to filing a claim for refund. The regulation implementing § 7422 requires that a separate claim for refund must be filed for each taxable year or *period* of an assessment. 29 C.F.R. § 301.6402–2(d) (1989). Failure to file a separate claim for each tax period deprives the court of jurisdiction over that particular period. *Gustin v. United States Internal Revenue Serv.,* 876 F.2d 485, 488–89

(5th Cir.1989). Since Plaintiff did not pay amounts relating to the quarters other than the third quarter of 1983, this court cannot exercise jurisdiction over Plaintiff's claims relating to those other quarters.

▇ In addition, Plaintiff was required to file a separate claim for refund for the third quarter of 1983 to invoke the court's jurisdiction over that period of the assessment. In the present case, Plaintiff filed one claim form which apparently covered all the tax periods of the assessment rather than separate claims for each period of the assessment. Therefore, no formal claim for the third quarter of 1983 was filed. *See Gustin,* 876 F.2d at 488. However, Plaintiff's claim form does constitute an informal notice to the IRS which is acceptable for jurisdictional purposes. An informal claim for refund is valid under § 7422. *United States v. Kales,* 314 U.S. 186, 194, 62 S.Ct. 214, 218, 86 L.Ed. 132 (1941). An informal claim must have a written component, *Furst v. United States,* 230 Ct.Cl. 375, 678 F.2d 147, 151 (1982), and is sufficient if it puts the IRS on notice that the taxpayer believes an erroneous tax has been assessed and desires a refund for certain years. *Gustin,* 876 F.2d at 488. When evaluating the sufficiency of an informal claim, the court must look at the particular facts of the case. *Id. See also Kales,* 314 U.S. at 194, 62 S.Ct. at 218; *Am. Radiator & Standard Sanitary Corp. v. United States,* 162 Ct.Cl. 106, 318 F.2d 915, 920–21 (1963).

Thus, the Supreme Court has held that a letter of protest sent by a taxpayer to the IRS was sufficient as an informal claim to stay the running of the statute of limitations on the taxpayer's right to a refund of an excess in the tax. *Kales,* 314 U.S. at 193, 196–97, 62 S.Ct. at 217, 218–19. *See also, Newton v. United States,* 143 Ct.Cl. 293, 163 F.Supp. 614, 617 (1958). The Court of Claims has held that notations for an estimated refund on income tax returns were sufficient to satisfy the requirement of a written element in an informal claim. *Am. Radiator,* 318 F.2d at 920–21. Plaintiff's claim form does not indicate the tax periods of the assessment, but does make

reference to an attachment, Form 2751. This form lists the separate tax periods and the amount of assessment for each period. Taken together, these two forms provided the IRS with enough information to put it on notice that a claim for refund for the third quarter of 1983 was being made by the Plaintiff. Therefore, the court holds that Plaintiff filed a valid informal claim for the third quarter of 1983. Although the information contained on the claim form and Form 2751 was sufficient to present valid informal claims for the other periods as well, the district court cannot exercise jurisdiction over these periods since Plaintiff did not pay amounts to challenge the assessments for those quarters.

## II. *Sufficiency of the Complaint*

■ The next issue is whether the allegations of the Plaintiff's complaint are sufficient to plead the grounds on which the court's jurisdiction depends. The complaint has alleged that the court has jurisdiction under § 1346(a)(1), and that the tax was erroneously or illegally assessed. *Church of Scientology v. United States*, 499 F.Supp. 1085, 1087 (D.Colo.1980); 26 U.S.C.A. § 7422(a). However, the allegations regarding payment of the tax and filing of the refund claim are seriously deficient.

First, the complaint does not allege that the payment made by the Plaintiff represented a full payment of a divisible portion of the § 6672 assessment. This type of payment is required for subject matter jurisdiction by the doctrines of *Flora v. United States* and *Steele v. United States*, *supra*. However, the attachments to the complaint reveal that Plaintiff was seeking a refund for a payment of one hundred dollars, and the parties have stipulated that $74.92 represents the actual amount that should have been paid for one employee for the third quarter of 1983. In addition, Plaintiff's claim form constitutes a valid informal claim for the third quarter of 1983. Under these circumstances, Plaintiff is hereby granted leave to amend his complaint to allege the amount of the assessment for one employee ($74.92), as well as

the fact that an informal claim was filed for the third quarter of 1983.

## III. *The Counterclaim of Defendant IRS*

The court must also decide whether to retain subject matter jurisdiction over Defendant IRS's counterclaim for the fourth quarter of 1982, the first and fourth quarters of 1983, and the first quarter of 1984. The IRS has brought its counterclaim pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. § 1346(c). Section 7402(a) provides in part:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, ... and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws....

Section 1346(c) provides:

> The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against the plaintiff commencing an action under this section.

The counterclaim has raised the same issues as the Plaintiff's complaint.

■ Generally, a district court should retain jurisdiction over a counterclaim despite dismissal of the Plaintiff's action when the counterclaim seeks affirmative relief and has an independent basis of federal subject matter jurisdiction. *Spivak v. United States*, 254 F.Supp. 517 (S.D.N.Y. 1966), *aff'd*, 370 F.2d 612 (2d Cir.1967). The counterclaim here seeks affirmative relief. It requests judgment for Defendant IRS in the amount of the assessment plus interest. An independent basis of federal subject matter jurisdiction exists under § 7402(a), as well as under 28 U.S.C. § 1340, which provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.

There is a split of authority on this issue. In *Boynton v. United States*, 566 F.2d 50 (9th Cir.1977), two corporate officers brought suit against the IRS for refund of amounts paid toward a 100% penalty for failure to pay withholding and FICA taxes of their employees. The district court dismissed the Plaintiffs' complaint because the amount paid did not equal the divisible amount of the tax, but retained jurisdiction of the IRS's counterclaim. The appellate court affirmed dismissal of the Plaintiff's complaint, but reversed the decision to retain the counterclaim. *Boynton*, 566 F.2d at 52. The appellate court believed that retaining jurisdiction of the counterclaim would circumvent the requirements of § 1346(a)(1) by allowing the merits of the Plaintiff's case to be decided without requiring him to pay the divisible portion of the tax assessed. *Boynton*, 566 F.2d at 53–54. Furthermore, the court believed that the IRS should prosecute its claims on its own initiative unless the Plaintiff's refund suit was preceded by the required payment.

The view expressed in *Boynton* was rejected by the Fifth Circuit in *Gustin v. United States Internal Revenue Serv.*, 876 F.2d 485 (5th Cir.1989). The Fifth Circuit held that it was appropriate to retain jurisdiction over the IRS's counterclaim after dismissing the Plaintiff's complaint. *Id.* at 490–91.

In the present case, this court has decided that it will retain jurisdiction over the IRS's entire counterclaim. Dismissing the IRS's counterclaim would force the IRS to refile the same suit in the same court immediately thereafter. Even though the IRS has indicated that it is prepared to do this, it will result in a needless waste of time and effort since exactly the same issues will be litigated. Furthermore, the Plaintiff will not gain any real advantage if the court retains jurisdiction over the counterclaim. The Plaintiff has the burden of proof on his claim and on the IRS's counterclaim for delinquent taxes. 26 U.S.C.A. § 7422(e). *See also Psaty v. United States*, 442 F.2d 1154, 1158–60 (3rd Cir. 1971). The burden of proof does not shift to the IRS when the complaint is dismissed and the court retains jurisdiction of the counterclaim. *Gustin*, 876 F.2d at 490, n. 2; *Spivak*, 254 F.Supp. at 527 (after dismissal of their complaint, Plaintiffs failed to sustain their burden of proof on the IRS's counterclaim that assessment against them was erroneous). Lastly, the *Boynton* court's concern that retaining jurisdiction over the counterclaim could lead to collusion to confer jurisdiction by consent does not really apply since the IRS has the choice of bringing actions for delinquent taxes either directly or as counterclaims. *See Boynton*, 566 F.2d at 54, n. 7; *Gustin*, 876 F.2d at 490, n. 3.

In accordance with the foregoing, Defendant Mannings' motion to dismiss for lack of subject matter jurisdiction is denied as to the claim relating to the third quarter of 1983, provided that Plaintiff files an amended complaint within twenty days of the date of this order. The motion to dismiss is granted in respect to Plaintiff's claims relating to the other quarters. However, the court retains subject matter jurisdiction over the entirety of the counterclaim filed by the IRS.

It is so ORDERED.