46 F.3d 1152
 75 A.F.T.R.2d 95-835
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dolphus E. SCHIMER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-5255.
 United States Court of Appeals, Tenth Circuit.
 Jan. 20, 1995.
 
 Before MOORE, McWILLIAMS, and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Dolphus E. Schirmer appeals an adverse summary judgment dismissing his damages suit against the government for wrongful failure to release a federal tax lien. In addition to arguments in support of the district court's decision, the government also asserts in the alternative that the district court lacked subject matter jurisdiction. We agree that jurisdiction was lacking and, accordingly, vacate the district court's judgment and remand with instructions to dismiss Mr. Schirmer's complaint.
 
 
 2
 The parties base their arguments on the merits on the following sequence and timing of events. The Commissioner of Internal Revenue proposed individual income tax deficiencies against Mr. Schirmer, which he challenged in the United States Tax Court. Both prior to and following the tax court's decision, which upheld the proposed deficiencies, Schirmer sent a series of payments to the Internal Revenue Service to cover the amounts in issue. The IRS erroneously refunded these payments and Schirmer kept them, making no further attempt to satisfy the deficiencies in his taxes.
 
 
 3
 The deficiencies upheld by the tax court were then assessed by the IRS. Three years later the IRS got around to collecting on the assessment by levying on Schirmer's bank account.
 
 
 4
 Schirmer's view of these events is that he originally paid the proposed deficiencies, so there were no deficiencies left to assess and collect by way of levy on his bank account. He says the refund should be viewed separately. Once the money was erroneously refunded, according to Schirmer, the government's only avenues of recourse were to sue him under 26 U.S.C. 7405 for the recovery of an erroneous refund or to assert a new deficiency based on a new underpayment. But the government was prohibited from doing either here, he argues, because the two-year statute of limitations for erroneous refund recovery suits under 26 U.S.C. 6532(b) had expired, and the government never asserted a new deficiency. Based on these arguments Schirmer filed an administrative claim for damages under 26 U.S.C. 7432(d) claiming civil damages for failure to release a tax lien, as provided in section 7432(a) and (b). When that claim was denied, Schirmer filed this suit under the statute just mentioned.
 
 
 5
 The government's view of things, as may be expected, is quite different. The collection of a tax deficiency, it argues, is based solely upon and is authorized by the formal assessment of the tax. Thus, the advance payments made by Schirmer, and the erroneous refund, which occurred prior to the assessment of taxes following the tax court decision, are essentially irrelevant when it comes to characterizing the eventual levy on Schirmer's bank account.
 
 
 6
 If we were to decide this case on the merits we would have no trouble agreeing with the government, and with the district court's disposition of the case by summary judgment. When a taxpayer petitions the tax court for a redetermination of a proposed deficiency, the tax court assumes sole jurisdiction to determine the correct amount of the deficiency. 26 U.S.C. 6214. With limited exceptions not applicable on the factual record before us, no assessment may be made until the decision of the tax court has become final. Id. 6213. Consistent with those laws, section 6215 provides that: "If the taxpayer files a petition with the Tax Court, the entire amount redetermined as the deficiency by the decision of the Tax Court which has become final shall be assessed and shall be paid upon notice and demand from the Secretary."
 
 
 7
 A lien upon all of the taxpayer's property is imposed by law for the assessed taxes, interest, and penalties that are unpaid after demand. Id. 6321. Levies may then be issued for collection, pursuant to that lien. That sequence of events both describes and controls the actions of the Internal Revenue Service in this case, and we reject Schirmer's arguments to the contrary.
 
 
 8
 The government, however, argues that even taking Schirmer's contentions at face value, his suit fails for lack of subject matter jurisdiction, since he did not satisfy the technical prerequisites for suing the government. We are obliged to address that threshold question first since "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).[2]
 
 
 9
 Under sovereign immunity principles, the United States may be sued only if and to the extent that it consents. United States v. Dalm, 494 U.S. 596, 608 (1990). "The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " Id. (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). "Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." Fostvedt v. United States, 978 F.2d 1201, 1202 (10th Cir.1992), cert. denied, 113 S.Ct. 1589 (1993).
 
 
 10
 Mr. Schirmer's complaint asserts jurisdiction under 28 U.S.C. 1346(a)(1) for this action under 26 U.S.C. 7432 for wrongful failure to release a federal tax lien.[3] But, as the government points out, the complaint alleges only the government's failure to release a notice of levy on Mr. Schirmer's bank account. Mr. Schirmer argues that since the IRS could levy only if it had a valid lien, his complaint alleging wrongful failure to release the levy was necessarily an allegation of wrongful failure to release the underlying lien. We disagree. Liens and levies are different legal devices with distinct legal effects. See, e.g., United States v. Cache Valley Bank, 866 F.2d 1242, 1244-45 (10th Cir.1989); see also 26 U.S.C. 6321, 6331. We see no reason why Mr. Schirmer, who is relying on technicalities, should not have them applied to him.
 
 
 11
 Federal jurisdiction "must affirmatively and distinctly appear ... and cannot be helped by presumptions or by argumentative inferences drawn from pleadings." Norton v. Larney, 266 U.S. 511, 515 (1925); see also Shulthis v. McDougal, 225 U.S. 561, 569 (1912); Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees of Am., Div. No. 1127 v. Southern Bus Lines, 189 F.2d 219, 221 (5th Cir.1951); Mathers & Mathers v. Urschel, 74 F.2d 591, 593 (10th Cir.1935). If jurisdiction does not appear in the complaint, the court must dismiss "unless the jurisdictional facts be supplied by amendment." Norton, 266 U.S. at 515-16; cf. 28 U.S.C. 1653 (permitting amendment of defective jurisdictional allegations "upon terms, in the trial or appellate courts").
 
 
 12
 Mr. Schirmer argues in the alternative that his complaint may be read as a suit for refund under 26 U.S.C. 7422, and his administrative claim for damages under section 7432(d) (administrative exhaustion requirement for civil damages claim for failure to release a lien) should be viewed as the claim for refund that is a jurisdictional prerequisite to a refund suit. See 26 U.S.C. 7422(a). We also reject this argument. Mr. Schirmer's administrative claim under section 7432 does not satisfy the requirements of 26 C.F.R. 301.6402-2 and 301.6402-3: It was filed with the district director, rather than the service center; it asks for damages in the amount of taxes collected, rather than for a refund; and it has not been verified by a written declaration that it was made under the penalties of perjury.
 
 
 13
 Furthermore, this is not a case where an informal claim--here, the administrative claim relating to release of a lien--will suffice. As a general rule, an informal claim for refund does not provide a district court with jurisdiction until either the informal claim is perfected by the filing of a valid formal claim or the IRS explicitly or implicitly waives formal compliance. Neither of these exceptions apply here. Thus, virtually every case addressing informal claims is distinguishable by the absence of those events here.[4]
 
 
 14
 Because Mr. Schirmer has failed to demonstrate that his suit meets the requirements for waiver of sovereign immunity under either section 7422 or section 7432, the district court could not properly reach the merits of the case. Accordingly, the district court's judgment is VACATED and the case is REMANDED with instructions to DISMISS the complaint for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Both Mr. Schirmer and the government state in their briefs that the jurisdictional issue was raised below, but the government's motion with respect to pleading defects, at least as reflected in written form in the appendix, was couched in terms of failure to state a claim, not jurisdiction. This would appear to explain why the district court's order goes straight to the merits on summary judgment without mentioning jurisdiction
 
 
 [3]
 The government argues that 28 U.S.C. 1346(a)(1) is not the proper jurisdictional statute for a 26 U.S.C. 7432 claim but does not address whether 28 U.S.C. 1340 would apply in the alternative. The question is not dispositive, however
 
 
 [4]
 See, e.g., Angelus Milling Co. v. Commissioner of Internal Revenue, 325 U.S. 293, 296-97 (1945); United States v. Kales, 314 U.S. 186, 191, 194 (1941); United States v. Memphis Cotton Oil Co., 288 U.S. 62, 66-67, 70-72 (1933); Bonwit Teller & Co. v. United States, 283 U.S. 258, 262, 264 (1931); Tucker v. Alexander, 275 U.S. 228, 230-31 (1927); Goulding v. United States, 929 F.2d 329, 332-333 (7th Cir.1991), cert. denied, 113 S.Ct. 188 (1992); Mills v. United States, 890 F.2d 1133, 1134-35 (11th Cir.1989); Furst v. United States, 678 F.2d 147, 151-53 (Ct. Cl.1982); American Radiator & Standard Sanitary Corp. v. United States, 318 F.2d 915, 921 (Ct. Cl.1963); Newton v. United States, 163 F.Supp. 614, 618-19 (Ct. Cl.1958); see also Tobin v. Tomlinson, 310 F.2d 648, 652 (5th Cir.1962), cert. denied, 375 U.S. 929 (1963) (rejecting claim where neither exception exists); Hollie v. Commissioner of Internal Revenue, 73 T.C. 1198, 1216 (1980) (requiring perfection of informal claims in dictum). But see Triple C Transp., Inc. v. United States, No. 92-4136-R, 1993 WL 188291, at * 1-2 (D. Kan. May 24, 1993); Broun v. United States, No. 89-17-ATH(DF), 1991 WL 115772, at * 1-2 (M.D. Ga. May 6, 1991); Leeke v. United States, 737 F.Supp. 1013, 1016-17 (S.D. Ohio 1990); Carmichael v. United States, Nos. 3-85-1204, 3-85-1205, 1986 WL 407, at * 1-3 (E.D. Tenn. Sept. 11, 1986). It is unclear, however, whether the need for formal amendment or waiver was ever squarely addressed in these latter cases, although Broun and Carmichael do mention waiver briefly. We do not regard these cases as persuasive on this question